JUDGE ABRAMS

# 12 CIV 8183

BINDHU VIJAYAN, ESQ.
LAW OFFICES OF SPAR & BERNSTEIN, P.C.
225 Broadway, Suite 512
New York, NY 10007
Direct Telephone:     (646) 688-4704
General Telephone:   (212) 227-3636
Telefax:                    (212) 227-3030
Attorneys for Petitioner



RECEIVED
NOV 09 2012
U.S.D.C. S.D. N.Y.
CASHIERS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **OLGUINE NOEL**<br>A037 889 549<br><br>       Petitioner,<br><br>-against-<br><br>**ANDREA QUARANTILLO,** District Director, New York, United States Citizenship and Immigration Services, Department of Homeland Security;<br>**ALEJANDRO MAYORKAS,** Director of United States Citizenship and Immigration Services, Washington, D.C., United States Citizenship and Immigration Services<br>**JANET NAPOLITANO,** Secretary of Department of Homeland Security, Washington, D.C., Department of Homeland Security;<br>**ERIC HOLDER,** Attorney General of the United States of America, Washington, D.C., United States Department of Justice.<br><br>       Respondents. | )<br>)<br>)<br>)<br>) Agency No.:_____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |



COPY RECEIVED
NOV - 9 2012
US ATTORNEY'S OFFICE

## PETITION FOR *DE NOVO* REVIEW

## PETITION FOR *DE NOVO* REVIEW

Petitioner, **OLGUINE NOEL**, (hereinafter referred to as "Petitioner"), through undersigned

counsel, Bindhu Vijayan of the Law Offices of Spar & Bernstein, P.C., 225 Broadway, Suite

512, New York, NY 10007, hereby respectfully petitions the Court for *de novo* review of the

decisions of the United States Citizenship and Immigration Services, Department of Homeland

Security (hereinafter referred to as "the Service") dated July 11, 2011 and July 12, 2012 (copies

of the decisions are attached as Exhibit A and Exhibit B), denying Petitioner's Application for

Naturalization and denying Petitioner's Application again after a Request for a Hearing on a

Decision in Naturalization Proceedings, pursuant to the provisions of the Immigration and

Nationality Act (hereinafter referred to as "INA").

In support of this Petition for Review, Petitioner states the following:

## JURISDICTION

1.     The jurisdiction of this Court is based upon 8 U.S.C. § 1421(c) to review the decisions of

the Service which denied the Petitioner's Application for Naturalization on July 11, 2011

and again on July 12, 2012 after a Request for a Hearing on a Decision in Naturalization

Proceedings.

## PARTIES

1.     Petitioner Olguine Noel, is a native and citizen of Haiti, but a Lawful Permanent Resident of the United States.  She resides at 1168 Stratford Avenue, Apartment 312, Bronx, New York 10472.

2.     Respondent Andrea Quarantillo is the District Director of the United States Citizenship and Immigration Services in New York and this action is brought against her in her official capacity.   She is the Representative for the United States Citizenship and Immigration Services and the Attorney General in New York, New York.

3.     Defendant Alejandro Mayorkas is Director of United States Citizenship & Immigration Services, and this action is brought again him in his official capacity.

4.     Respondent Janet Napolitano is the Secretary of the Department of Homeland Security and this action is brought against her in her official capacity.  She is generally charged with enforcement of the provisions of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security under 8 C.F.R. § 2.1.

5.     Respondent Eric Holder is the Attorney General of the United States, Washington, D.C. and this action is brought against him in his official capacity.  He is responsible under the provisions of the INA as the ultimate decision maker over the operations of the United

4

States Citizenship and Immigration Services and the United States Immigration and Customs Enforcement. He is also vested with the sole authority to naturalize individuals under 8 U.S.C. § 1421(a).

## VENUE

6.    Venue properly lies before this Court pursuant to the provisions of 8 U.S.C. § 1252(b)(2), because the Petitioner resides in this judicial district and the decisions by the Service were rendered in New York State.

## STATEMENT OF FACTS

7.    Petitioner meets all of the criteria to become a citizen of the United States, as follows:

- Petitioner has been a Lawful Permanent Resident of the United States for at least five (5) years.

- Petitioner is at least eighteen (18) years old.

- Petitioner continuously resided in the United States during the five (5) years subsequent to filing her application for naturalization.

- Petitioner has resided for at least three (3) months within New York State where the application for naturalization was filed.

- Petitioner has been physically present in the United States for at least one-half of the preceding five (5) years.

- Petitioner has continuously resided within the United States from the date her application for naturalization was filed up to the present time.

- Petitioner has not been absent from the United States for a continuous period of more than one (1) year during periods of which continuous residence is required.

- Petitioner is a person of good moral character for the requisite five (5) years prior to filing her application for naturalization and up to the present time.

- Petitioner is a person who is employed in the United States and has family ties to the United States.

- Petitioner is a person attached to the principles of the Constitution and well disposed to the good order and happiness of the United States.

- Petitioner is a law-abiding person who pays her income taxes.

- Petitioner is willing to bear arms on behalf of the United States if required by law.

- Petitioner is willing to perform noncombatant services in the Armed Forces of the United States if required by law.

- Petitioner is willing to perform work of national importance under civilian direction when required by law.

- Petitioner is not a member of any organization, association, or group whose interests are in direct contrast with the United States government, including but not limited to the Communist Party, totalitarian party, or a terrorist organization.

- Petitioner is not a habitual drunkard.

- Petitioner has not engaged in prostitution.

- Petitioner has not sold or smuggled controlled substances, illegal drugs or narcotics.

- Petitioner has not engaged in illegal gambling.

- Petitioner has not helped anyone enter or try to enter the Untied States illegally.

- Petitioner has not failed to support her dependents.

- Petitioner has not given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal from the United States.

- Petitioner has never lied to any U.S. government official to gain entry or admission into the United States.

- Petitioner is not currently in removal, exclusion, rescission, or deportation proceedings.

- Petitioner has never been ordered to be removed, excluded, or deported from the United States.

- Petitioner has not committed any crimes for which she has not been arrested.

- Petitioner has never persecuted anyone because of race, religion, national origin, membership in a particular social group, or political opinion.

- Petitioner has never advocated the overthrow of the United States Government by force or violence.

- Petitioner has never been married to more than one person at the same time.

- Petitioner has at least an elementary level of reading, writing, and understanding of the English language.

- Petitioner has knowledge and understanding of the fundamentals of the history and government of the United States.

8.    Petitioner is a native and citizen of Haiti, was accorded lawful permanent resident status on August 4, 1983. Petitioner has lived in the United States ever since.  Petitioner currently resides at 1168 Stratford Avenue, Apartment 312, Bronx, New York 10472.

9.    Petitioner was convicted for criminal possession of a controlled substance in the 7th degree pursuant to Section 220.03 of the New York State Penal Law on November 9, 1999.   On December 20, 1999, she was sentenced to three years of probation and suspension of her driver license for six months.  Petitioner successfully completed her probation.  Further, she was awarded certificates of achievement and completion for the Abandoned Infants Assistance Program, Residential Phase of Treatment, through the Project Return Foundation Inc. and ultimately graduation from the aforementioned program.  Since that time, upon information and belief, Petitioner has not been arrested or convicted for any other crimes.  Petitioner has reformed and rehabilitated herself.  She is now a single, hardworking mother who has demonstrated good moral character for over a decade.

10.   Petitioner has not been convicted of an aggravated felony entered after November 29, 1990, nor has Petitioner been convicted of murder.  Petitioner's conviction does not fall within the five-year statutory period for good moral character as over thirteen (13) years have passed since her only conviction.  One type of aggravated felony under federal immigration law is "drug trafficking," which includes drug offenses that would be felonies (i.e., punishable by a sentence of more than one year) under federal law. It generally does not include state drug possession offenses that would be misdemeanors

(i.e., punishably by a year or less) under federal law. The key issue is how the conviction would be treated under federal law. In the case of Lopez v. Gonzales, 127 S. Ct. 625 (2006) the Supreme Court decided that even if the state law classifies the offense as a felony, it would generally not be a "drug trafficking" aggravated felony for immigration purposes if the offense would not be a felony under federal law as well. A conviction for a first time drug simple possession offense is generally not an aggravated felony. There are two exceptions to this rule as indicated in 21 USC 844(a). The first exception is for simple possession of more than five grams of a mixture or substance which contains cocaine (crack cocaine). The second exception is for simple possession of flunitrazepam, a date rape drug. All other first-time possession offenses are not aggravated felonies, even if classified as a felony by the state.  Ms. Noel was convicted for possession of cocaine, which should be distinguished from crack cocaine, and therefore is not considered an aggravated felony for immigration purposes.

11.   Petitioner traveled to Jamaica on or about April 16, 2006 and returned on April 20, 2006. Upon her arrival into the United States, she was inspected and admitted as a lawful permanent resident.  She was not deemed an "arriving alien" or placed into removal proceedings.

12.   By Application for Naturalization (Form N-400) received by the Service on June 22, 2010, the Petitioner applied for Naturalization.

13.  By Request from the Service for the Applicant to Appear for an Initial Naturalization Interview, the Petitioner was scheduled to be interviewed on his Form N-400 at the Service's office at 26 Federal Plaza, New York, New York on October 26, 2010.

13.  On October 26, 2010, the Petitioner appeared for her scheduled interview alone.  At the conclusion of the Petitioner's interview, the interviewing officer, District Adjudications requested additional documents to be submitted at future date.

14.  Petitioner presented herself at the New York District Office on June 9, 2011 for submission of additional evidence.

15.  By Decision dated July 14, 2011, the Service denied the Petitioner's Application for Naturalization on the basis that she did not meet the minimum standard for naturalization. Specifically, the Service stated that the Petitioner had not demonstrated eligibility for citizenship because she was not "lawfully admitted for permanent residence" and was in one of the classes of "deportable aliens".

16.  By Letter dated August 9, 2011, the Petitioner, through her current attorneys, submitted a Request for a Hearing on a Decision in Naturalization Proceedings under Section 336 of the Act (Form N-336), informing the Service that their Decision was erroneous in that the Service invoked an incorrect application of the law in denying the Petitioner's application as neither the INA nor any of the complementary regulations or interpretations support the Service's denial of Petitioner's application for naturalization.

17.   On December 20, 2011, by request from the Service, the Petitioner appeared for his hearing on the decision in naturalization proceedings accompanied by an attorney from our offices.  At the conclusion of the hearing, the interviewing Officer stated that the Petitioner would receive a decision by mail.

18.   By Decision dated July 12, 2012, the Service again denied Petitioner's Application for Naturalization (Form N-400) on the basis that the Petitioner was not "lawfully admitted for permanent residence" and was in one of the classes of "deportable aliens".

19.   Petitioner respectfully submits that the Service misconstrued the immigration laws in the instant matter as Petitioner had been lawfully admitted for permanent residence on April 20, 2006 despite the fact that she did not apply for or granted a waiver under Sections 212(h) or 240A(a) of the INA.  The Second Circuit has held that a non-citizen who enters after "inspection and authorization" has been "admitted" even if he was "at the time of entry...within one or more of the classes of aliens inadmissible by the law. Emokah v. Mukasey, 523 F.3d 110 (2nd Cir. 2008), citing 8 U.S.C § 1227(a) & (a)(1).  Various agency memoranda stipulate that prosecutorial discretion can be exercised by any branch of DHS in many forms and at many points in the enforcement process, a point reiterated by the Morton Memo on Prosecutorial Discretion.  Interoffice Memorandum from John Morton, June 17, 2011, at USCIS, Policy Number 10075.1.  Petitioner's passport stamp on page 5 of her passport clearly indicates that she was admitted by DHS/CBP in NYC as a lawful permanent resident "ARC".

20.     Further, the Second Circuit examined the meaning of the phrase "lawfully admitted for permanent residence."   <u>See Dobrova v. Holder</u>, 607 F. 3d 297 (2nd Cir. 2010). "'[A]dmission' and 'admitted' for purposes of the INA refer to 'the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.'" 'Lawfully admitted for permanent residence' means 'the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed.' 'Such status terminates upon entry of a final administrative order of exclusion, deportation, or removal.' <u>8 C.F.R. § 1.1(p)</u>." <u>See Dobrova v. Holder</u>, 607 F. 3d 297 (2nd Cir. 2010) citing <u>8 U.S.C. §§ 1101(a)(13)(A) and 1101(a)(20)</u>.

21.     Petitioner further argues that the Board of Immigration Appeals noted that "our statement therein that 'the respondent, who does not yet have a final order of deportation, still enjoys the status of an alien who has been 'lawfully admitted for permanent residence'" was made in a factual setting similar to that in <u>Matter of Lok</u> where it was not alleged that the alien had acquired his permanent resident status unlawfully, but he had subsequently been convicted of a federal offense that might cause him to lose his status. <u>Matter of Ayala</u>, 22 I&N Dec. 398 (BIA 1998), citing <u>Matter of Lok</u>, 18 I&N Dec. 101 (BIA 1981). <u>In re Koloamatangi</u>, the Board states that the meaning of the term "lawfully admitted for permanent residence" is defined "in Section 101(a)(20) of the Act, 8 U.S.C. § 1101(a)(20) (2000), to mean 'the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the

immigration laws, such status not having changed.' The regulations at 8 C.F.R. § 1.1(p)

(2002) contain a definition of the same term that repeats verbatim the statutory definition

and, pursuant to a 1996 amendment, includes the following sentence: 'Such status

terminates upon entry of a final administrative order of exclusion or deportation.'" See

In re Koloamatangi, 23 I. & N. Dec. 548, (BIA 2003). The Koloamatangi Board further

stated that "the explanatory materials that accompanied the 1996 amendment of 8 C.F.R.

§ 1.1(p) make clear that the final sentence was added to codify our decision in Matter of

Lok, 18 I&N Dec. 101 (BIA 1981), aff'd, 681 F.2d 107 (2d Cir. 1982), where we held

that an alien's permanent resident status, which had been lawfully obtained, terminated

with the entry of a final administrative order of deportation. 61 Fed. Reg. at 18,900-01."

In re Koloamatangi, 23 I. & N. Dec. 548, (BIA 2003), citing, Executive Office for

Immigration Review, Motions and Appeals in Immigration Proceedings, 61 Fed. Reg.

48,900, 18,904 (1996). The Koloamatangi Board held that "the correct interpretation of

the term 'lawfully admitted for permanent residence' is that an alien is deemed, ab initio,

never to have obtained lawful permanent resident status once his original ineligibility

therefore is determined in proceedings." See In re Koloamatangi, 23 I. & N. Dec. 548,

(BIA 2003). (emphasis added).


22.    Moreover, the Board of Immigration Appeals states in its decision "[d]ecisions of this

sort regarding how to treat an alien who presents him or herself at a POE, including

whether to place such an alien in removal proceedings via the issuance of a Notice to

Appear, rest solely in the jurisdiction of DHS, and we have long recognized that such

decisions often involve the exercise of prosecutorial discretion and are not reviewable by

Immigration Judges of the Board." See Matter of E-R-M & L-R-M-, 25 I&N Dec. 520 (BIA 2011), See also Matter of Rivens, 25 I&N Dec. 623 (BIA 2011).

23.    Petitioner therefore argues that if DHS decided to question Applicant' admissibility at the time of her entry on April 20, 2006, she should have been placed into removal proceedings as defined under Section 240 of the INA or paroled into the United States as an arriving alien seeking admission into the United States as defined under 8 C.F.R. §§1.1(q), 100.1(q) and issued a notice to appear in immigration court.  Rather, DHS, in its infinite wisdom and discretion, inspected and admitted Applicant as a lawful permanent resident of the United States.  See § 235 of the INA, 8 U.S.C. §1225, 8 C.F.R. §§235, 1235.  The statute, regulations, and case law is clear that Applicant's status as a lawful permanent resident was not terminated upon conviction and departure from the United States as her status terminates upon entry of a final administrative order of exclusion, deportation, or removal.  In the instant matter, Applicant was not placed into removal proceedings and a final administrative order of removal has not been entered upon Applicant.  As such, Petitioner remains a lawful permanent resident of the United States and is thereby statutorily eligible for naturalization.

24.    Petitioner further submits that, while federal regulations at 8 C.F.R. § 316.10(a)(2) allow the Service to take into consideration the Petitioner's conduct and acts at any time prior to the five years preceding the filing of the Application for Naturalization, the Service may do so "if the conduct of the applicant during the statutory period does not reflect that

there has been a reform of character from the earlier period or acts appear relevant to a determination of the applicant's present moral character." *See* 8 C.F.R. § 316.10(a)(2).

21.   Petitioner's one and only conviction was in 1999, over thirteen (13) years ago, for which he was sentenced only to probation and not to any imprisonment.   The Petitioner has demonstrated a reform of character and her 1999 conviction should no longer be relevant in the determination of his current moral character.   The Petitioner has no additional arrests, has paid her taxes, has been lawfully employed and has always supported her dependents.

22.   The Courts have ruled that it is impermissible to rely solely on acts outside the statutory period, which are not tied into current conduct. *See Gatcliffe v. Reno*, 23 F.Supp. 2d 581, 585 (D.V.I. 1998).   Time and again the courts have ruled that a person's application for naturalization cannot be denied solely on the basis of a prior criminal record if exemplary conduct during the statutory period has been demonstrated. *See Santamaria-Ames v. INS*, 104 F.3d 1127, 1132 (9th Cir. 1996) *See also U.S. v. Hovsepian*, 422 F.3d 883 (9 Cir. 2005) *(en banc)*.

23.   Petitioner submits that the Decisions of the Service are erroneous, arbitrary, and capricious.   Petitioner also submits that she meets all statutory requirements for naturalization pursuant to the provisions of the INA and that he is eligible to have his Form N-400 favorably adjudicated.

Apart from the Petition for Review herein filed with this Court, there are no motions, applications, appeals or petitions now pending in any court, state or federal.

WHEREFORE, Petitioner requests that:

1.      This Petition for Judicial Review be granted;

2.      This Honorable Court make its own findings of fact and conclusions of law, conduct a *de novo* hearing and decide Petitioner's N-400 Application;

3.      The Decisions of the Service in this matter be overturned;

4.      The Court grant such other and further relief as may be appropriate.

Dated: November 3, 2012                    Respectfully submitted,

                                    LAW OFFICES OF SPAR & BERNSTEIN, P.C.

                                    By:  Bindhu Vijayan, Esq.
                                         Attorneys for Petitioner
                                         225 Broadway, Suite 512
                                         New York, NY 10007
                                         Tel:  (212) 227-3636
                                         Fax: (212) 227-3030
                                         e-mail: bvijayan@lawsb.com

16

Apart from the Petition for Review herein filed with this Court, there are no motions, applications, appeals or petitions now pending in any court, state or federal.

WHEREFORE, Petitioner requests that:

1.      This Petition for Judicial Review be granted;

2.      This Honorable Court make its own findings of fact and conclusions of law, conduct a *de novo* hearing and decide Petitioner's N-400 Application;

3.      The Decisions of the Service in this matter be overturned;

4.      The Court grant such other and further relief as may be appropriate.

Dated: November 3, 2012                    Respectfully submitted,

LAW OFFICES OF SPAR & BERNSTEIN, P.C.

By  Bindhu Vijayan, Esq.
    Attorneys for Petitioner
    225 Broadway, Suite 512
    New York, NY 10007
    Tel:  (212) 227-3636
    Fax: (212) 227-3030
    e-mail: bvijayan@lawsb.com

# EXHIBIT A



**U.S. Citizenship and Immigration Services**

Direct all responses by mail to the office listed below:
U.S. CITIZENSHIP AND IMMIGRATION SERVICES
26 Federal Plaza # Jacob K Javits Federal Building
New York NY 10278

Olguine NOEL
1168 Stratford Avenue Apt 312
Bronx NY 10472

Refer to this file: NBC*001053010
Alien Number: A 037 889 549
Date:

JUL 1 1 2011

## DECISION

On October 26, 2010, you appeared for an examination of your application for naturalization, which was filed in accordance with Section 316(A) of the Immigration and Nationality Act.

Pursuant to the investigation and examination of your application it is determined that you are ineligible for naturalization for the following reason(s):

**See Attachment(s)**

If you desire to request a review hearing on this decision pursuant to Section 336(a) of the Act, **you must file a request for a hearing within 30 Days of the date of this notice.** If no request for hearing is filed within the time allowed, this decision is final. A request for hearing may be made to the District Director, with the Immigration and Naturalization office which made the decision, on Form N-336, **Request for Hearing on a Decision in Naturalization Proceedings under Section 336 of the Act, together with a <u>fee of $650</u>.** A brief or other written statement in support of your request may be submitted with the Request for Hearing.

Sincerely,

Andrea J. Quarantillo
District Director

cc: Shannon Martine LaGuerre, Esq
Mail/TP

Form N-335

Attachment(s) to Form N-335

**Applicant: Olguine NOEL**
**Alien Number: A037 889 549**

On June 22, 2010, you filed an Application for Naturalization on form N-400, and on October 26, 2010, you presented yourself for examination before the United States Citizenship and Immigration Services (USCIS).

8 CFR Section 316.2(b) states:

"The applicant shall bear the burden of establishing by a preponderance of the evidence that he or she meets all the requirements for naturalization, including that the applicant was lawfully admitted as a permanent resident to the United States, in accordance with the immigration laws in effect at the time of the applicant's initial entry or any subsequent reentry."

8 CFR Section 316.2 Eligibility states:

"(a) General.  Except as otherwise provided in this chapter, to be eligible for naturalization, an alien must establish that he or she:

(2) Has been lawfully admitted as a permanent resident of the United States;"

Section 318 [8U.S.C. § 1429] of the Immigration and Nationality Act states in pertinent part:

"Except as otherwise provided in this title, no person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of this Act. The burden of proof shall be upon such person to show that he entered the United States lawfully, and the time, place, and manner of such entry into the United States, but in presenting such proof he shall be entitled to the production of his immigrant visa, if any, or other entry document, if any, and of any other documents and records, not considered by the Attorney General to be confidential, pertaining to such entry, in the custody of the Service..."

Explanation:

Your interview began on October 26, 2010 with the administration of the prescribed oath. You testified that you were convicted for Criminal Possession of a Controlled Substance (Cocaine) in the 7th Degree (PL 220.03) on November 9, 1999. On December 20, 1999, you were sentenced to 3 years of probation and suspension of your driver license for six months. You also testified that you traveled outside the United States to Jamaica from April 16, 2006 to April 20, 2006. On April 25, 2011, USCIS mailed to you a request on a Form N-14 for you to submit copies of all your passports since becoming a permanent resident. On June 9, 2011, you submitted copies of your passport issued by Haiti on June 24, 2002, which confirms your trip to Jamaica in 2006.

1

USCIS records indicate you were first admitted as a lawful permanent resident on August 4, 1983. Even as a permanent resident, an alien is considered to be seeking admission as a permanent resident to the United States when he or she "has committed an offense identified in Section 212(a)(2) [8 USCS § 1182(a)(2)], unless since such offense the alien has been granted relief under section 212(h) or 240A(a) [8 USCS §§ 1182(h) or 1229b(a)]," Section 101(a)(13)(C)(v) of the INA.  Under Section 212(a)(2) of the INA, the class of aliens who are inadmissible to the United States includes "any alien convicted of, or who admits having committed or who admits committing acts which constitute the essential elements of... a violation of (or conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))," Section 212(a)(2)(A)(i)(II) of the INA.

Pursuant to Section 101(a)(13)(C)(v) of the INA, you were considered to be seeking admission to the United States on April 20, 2006 even though you were lawfully admitted as a permanent resident on August 4, 1983. Your criminal conviction for Criminal Possession of a Controlled Substance in the 7th Degree on November 9, 1999 made you inadmissible to the United States pursuant to Section 212(a)(2)(A)(i)(II). On April 20, 2006, you were inadmissible to the United States and needed a waiver under either section 212(h) or 240A(a) of the INA in order to be lawfully admitted to the United States. The USCIS record does not reflect that you applied for or received a waiver under these sections of the INA.

In order to be eligible for naturalization under Section 316 of the INA, you must establish that you were lawfully admitted for permanent residence to the United States. For the aforementioned reasons, you were not "lawfully admitted" for residence as that term is defined in Section 101(a)(20) of the INA. Therefore, you are ineligible for naturalization at this time.

You have not established your eligibility for citizenship under the provisions of Section **316** of the Act, *supra*.  Therefore, your application is denied. This denial is without prejudice to your filing an application for citizenship when you become eligible under the applicable provisions of the Act.

# EXHIBIT B



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*Field Office Name*
Field Office Address
City, State and ZIP

**U.S. Citizenship
and Immigration
Services**

Date   JUL 1 2 2012

A# 37889549
NBC*001053010

Bindhu Vijayan Esq.
C/O Spar & Bernstein
225 Broadway, Suite 512
New York, NY 10007-3903

### DECISION

Dear Olguine Noel:

Thank you for submitting Form N-336, Request for a Hearing on a Decision in Naturalization
Proceedings, to U.S. Citizenship and Immigration Services (USCIS) on August 9, 2011. After a thorough
review of the record, USCIS reaffirms the decision to deny your Form N-400 for the following reason(s).

### Statement of Facts and Analysis Including Ground(s) for Reaffirming Denial

On July 11, 2011, USCIS denied your Form N-400 because you have not been lawfully admitted to the
United States and you are inadmissible.  On August 9, 2011, you filed Form N-336 and on November 4,
2011 you appeared for a hearing to review our denial of your Form N-400.  You state that you have
overcome the grounds of our denial in a brief presented by your lawyer .

After a complete review of the information provided on your Form N-400, Application for Naturalization,
the documents submitted in support of your application and request for hearing, and the testimony you
provided during your naturalization interview and your N-336 review hearing, USCIS reaffirms the
decision to deny your Form N-400.

Title 8, Code of Federal Regulations (hereinafter 8 CFR), Section 316.2, states, in pertinent part:

(a) General. Except as otherwise provided in this chapter, to be eligible for naturalization, an alien must
establish that he or she:
. . . .
(2) Has been lawfully admitted as a permanent resident of the United States;
. . . .
(7) For all relevant time periods under this paragraph, has been and continues to be a person of good
moral character, attached to the principles of the Constitution of the United States, and favorably disposed
toward the good order and happiness of the United States;
. . . .
(b) Burden of proof. The applicant shall bear the burden of establishing by a preponderance of the
evidence that he or she meets all of the requirements for naturalization, including that the applicant was
lawfully admitted as a permanent resident to the United States, in accordance with the immigration laws
in effect at the time of the applicant's initial entry or any subsequent reentry.

INA § 318. [U.S.C. 1429] Prerequisites to naturalization; burden of proof

"Except as otherwise provided in this title, no person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of this Act. The burden of proof shall be upon such person to show that he entered the United States lawfully, and the time, place, and manner of such entry into the United States, but in presenting such proof he shall be entitled to the production of his immigrant visa, if any, or of other entry document, if any, and of any other documents and records, not considered by the Attorney General to be confidential, pertaining to such entry, in the custody of the Service…

Act § 101 states, in pertinent part:

(a)     As used in this Act—

(13) The terms "admission" and "admitted" mean, with respect to an alien, the lawful entry of the alien in the United States after inspection and authorization by an immigration officer.

( C ) An alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States for purpose of the immigration laws unless the alien-

(v) has committed an offense identified in section 212 (a)(2) [8 USCS §1182 (a)(2)], unless since such offense the alien has been granted relief under section 212(h) or 240 A(a) [8USCS §§ 1182(h) or 1229 (a)]…

. . . .
Act § 212 states, in pertinent part:

(a)     Classes of aliens ineligible for visas or admission. Except as otherwise provided in this Act, aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States:

(2) Criminal and related grounds.
(A) Conviction of certain crimes.
( i ) In general. Except as provided in clause (ii), any alien convicted of, or who admits having committed of who admits committing acts which constitute the essential elements of-

(II) a violation of (or a conspiracy to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), is inadmissible.

Act Sec 237 states, in pertinent part:

(a) Classes of deportable aliens. Any alien admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens:

(1) Inadmissible at time of entry or of adjustment of status or violates status.

2

(A) Inadmissible aliens. Any alien who at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time is deportable.


An appeal hearing was scheduled for December 20, 2011, to review the decision to deny your Application for Naturalization. A review of your Service record has not established significant grounds for the Service to reverse its prior decision. The Service reconfirms its original decision in denying your Application for Naturalization.

Your interview began on October 26, 2010 with the administration of the prescribed oath. You testified that you were convicted for Criminal Possession of a Controlled Substance (Cocaine) in the 7th Degree (PL 220.03) on November 9, 1999. On December 20, 1999, you were sentenced to 3 years probation and suspension of your driver license for six months. As per your own admission and evidence in your file, you traveled to Jamaica from April 16, 2006 to April 20, 2006. USCIC records indicate you were first admitted as lawful permanent resident on August 4, 1983. Pursuant to Section 101(a)(13)(C)(v), you were considered to be seeking admission to the United States on April 20, 2006 even though you were lawfully admitted as a permanent resident on August 4, 1983. Your criminal conviction for Criminal Possession of a Controlled Substance in the 7th Degree on November 9, 1999, made you inadmissible to the United States pursuant to Section 212(a)(2)(A)(i)(II). On April 20, 2006 you were inadmissible to the United States and needed a waiver under either section 212(h) or 240A(a) of the INA in order to be lawfully admitted to the United States. The USCIC record does not reflect that you applied for or received a waiver under these sections of the INA.

In order to be eligible for naturalization under Section 316 of the INA, you must establish that you were "lawfully admitted" for permanent residence to the United States. For the aforementioned reasons, you were not "lawfully admitted" for residence as that term is defined ion Section 101 (a)(20) of the INA. Therefore, you are inegible for naturalization.

This decision constitutes a final administrative denial of your naturalization application.  You may request judicial review of this final determination by filing a petition for review in the United States District Court having jurisdiction over your place of residence.  You must file a petition within 120 days of the date of this notice.  See INA 310(c) and [Title 8, Code of Federal Regulations (8 CFR), section 336.9(b)].

If you need additional information, please visit the USCIS Web site at www.uscis.gov or call our National Customer Service Center toll-free at 1-800-375-5283.  You may also make an appointment to speak to a USCIS staff member in person at the USCIS office having jurisdiction over your current place of residence. To schedule an appointment, go to www.uscis.gov and select INFOPASS.

Sincerely,

District Director
Andrea J. Quarantillo

Cc: Olguine Noel
1168 Stratford Ave., Apt # 312
Bronx, NY 10472

AO 458 (Rev. 06/09)  Appearance of Counsel

# UNITED STATES DISTRICT COURT
for the

| | | |
|---|---|---|
| Noel | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Case No. |
| Quarantillo, et. al. | ) | |
| _Defendant_ | ) | |

## APPEARANCE OF COUNSEL

To:      The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

Petitioner, Olguine Noel

Date:      11/09/2012

_Attorney's signature_

Bindhu Vijayan, Esq.
_Printed name and bar number_

Law Offices of Spar & Bernstein, P.C.
225 Broadway, Fifth Floor
New York, New York 10007

_Address_

bvijayan@lawsb.com
_E-mail address_

(212) 227-3636
_Telephone number_

(212) 227-3030
_FAX number_

BINDHU VIJAYAN, ESQ.
LAW OFFICES OF SPAR & BERNSTEIN, P.C.
225 Broadway, Suite 512
New York, NY 10007
Direct Telephone:     (646) 688-4704
General Telephone:   (212) 227-3636
Telefax:                    (212) 227-3030
Attorneys for Petitioner

NDHI


# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **OLGUINE NOEL**<br>A037 889 549<br>        Petitioner,<br><br>   -against-<br><br>**ANDREA QUARANTILLO**, District Director, New York, United States Citizenship and Immigration Services, Department of Homeland Security;<br>**ALEJANDRO MAYORKAS**, Director of United States Citizenship and Immigration Services, Washington, D.C., United States Citizenship and Immigration Services<br>**JANET NAPOLITANO**, Secretary of Department of Homeland Security, Washington, D.C., Department of Homeland Security;<br>**ERIC HOLDER**, Attorney General of the United States of America, Washington, D.C., United States Department of Justice.<br><br>      Respondents. | )<br>)<br>)<br>)<br>) Agency No.:_____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

| | | |
|---|---|---|
| Noel | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Quarantillo, et. al. | ) | |
| _____ | ) | |
| *Defendant* | ) | |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Andrea Quarantillo (SEE ATTACHED LIST)
New York District Director
United States Citizenship & Immigration Services
Department of Homeland Security
26 Federal Plaza
New York, New York 10278

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Bindhu Vijayan, Esq.
Law Offices of Spar & Bernstein, P.C.
225 Broadway, Fifth Floor
New York, New York 10007
Telephone: (212) 227-3636

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
*Signature of Clerk or Deputy Clerk*

**List of Defendants and Addresses:**

Andrea Quarantillo
New York District Director
United States Citizenship and Immigration Services
Department of Homeland Security
26 Federal Plaza
New York, NY 10278


Alejandro Mayorkas, Director
United States Citizenship and Immigration Services
Office of the Director MS 2000
20 Massachusetts Avenue NW
Washington DC 20529-2000


Janet Napolitano
Secretary of Homeland Security
Department of Homeland Security
425 I Street, NW
Washington, DC 20536


Eric Holder
Attorney General
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

# CERTIFICATE OF SERVICE

CASE NAME:    Noel v. Quarantillo, *et al*.

DOCKET NO:

I HEREBY CERTIFY that I caused to be served the following:

## Petition for *De Novo* Review
## Supporting Documents

On November 9, 2012, by Regular Mail, to the persons at the addresses set forth below.

Andrea Quarantillo
New York District Director
United States Citizenship and Immigration Services
Department of Homeland Security
26 Federal Plaza
New York, NY 10278

Office of Regional Counsel
Department of Homeland Security
26 Federal Plaza
11th Floor
New York, NY 10278

Alejandro Mayorkas, Director
United States Citizenship and Immigration Services
Office of the Director MS 2000
20 Massachusetts Avenue NW
Washington DC 20529-2000

Janet Napolitano
Secretary of Homeland Security
Department of Homeland Security
425 I Street NW
Washington, DC 20536

Eric Holder
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Office of General Counsel
Department of Homeland Security
Mail Stop 3650
Washington, DC 20528


On November 9, 2012, by Hand Delivery, to the persons at the addresses set forth below:

Civil Process Clerk
United States Attorney's Office (S.D.N.Y.)
86 Chambers Street, 3rd Floor
New York, New York 10007


I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 9, 2012.

**Bindhu Vijayan, Esq.**
**Law Offices of Spar & Bernstein, P.C.**
**225 Broadway, Suite 512**
**New York, NY 10007**
**Tel:  (212) 227-3636**
**Fax:  (212) 227-3030**
**E-mail: bvijayan@lawsb.com**